```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JARED LOUIS KEEN,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT<br>AGENCY DEA, CIA, FBI,<br>HOMELAND SECURITY, CITY OF<br>CASA GRANDE, et al.,<br><br>      Defendants. | 1:17-cv-06156-NLH-JS<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

**APPEARANCES:**

JARED LOUIS KEEN
307 MCCLELLAN RD.
EGG HARBOR TWP., NJ 08234

    Appearing pro se

THOMAS M. KELLY
STEVEN J. WIEDERHORN
FAUST, GOETZ, SCHENKER & BLEE
570 WEST MOUNT PLEASANT AVENUE
LIVINGSTON, NJ 07039

    On behalf of Defendant City of Casa Grande

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Jared Louis Keen, appearing pro se, has filed a complaint against several United States Government agencies, the City of Tucson, the City of Casa Grande, Florence Federal Penitentiary, the United States Government, President Donald J. Trump, Attorney General Jeff Sessions, Judge Nancy

Hodges, and Court Clerk William T. Walsh; and

WHEREAS, Plaintiff's handwritten complaint is mostly unintelligible, but from what the Court can decipher, it appears that Plaintiff claims that his First and Thirteenth Amendment rights were violated in late 2016 and early 2017 in Casa Grande, Arizona when he was detained at gunpoint by seven officers for going into the wrong door of a building, and then detained in the Florence correctional facility for several hours without food and water or any charges being brought against him, and his car was illegally towed; and

WHEREAS, Defendant City of Casa Grande has filed a motion to dismiss Plaintiff's complaint for improper service,[1] failure to state a claim, and improper venue (Docket No. 8); and

WHEREAS, in response to Casa Grande's motion, Plaintiff filed an amended complaint, which does not contain any claims against Casa Grande, or the City of Tucson or Florence Federal Penitentiary (Docket No. 11);[2] and

---

[1] It does not appear from the docket that service of process has been effected on any defendant.

[2] Plaintiff was permitted to file an amended complaint without leave of Court pursuant to Fed. R. Civ. P. 15(a)(1)(B), which provides, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

WHEREAS, pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," see McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, because Plaintiff's amended complaint does not name Casa Grande, the City of Tucson, and the Florence Federal Penitentiary or contain any claims against them, and because the amended complaint is now the operative pleading, see Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002) (providing that the amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit), the amended complaint evidences Plaintiff's intent to relinquish his claims against these three defendants[3]; and

---

[3] The Court could also construe Plaintiff's amended complaint to constitute notice under Federal Civil Procedure Rule 41(a)(1)(i) that Plaintiff dismisses his claims against Casa Grande, the City of Tucson, and Florence Federal Penitentiary. See Fed. R.

WHEREAS, the Court will therefore dismiss those three Defendants from the action,[4] and deny as moot Casa Grande's

---

Civ. P. 41(a)(1)(i) ("[T]he plaintiff may dismiss an action without a court order by filing . . . (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.").

[4] If Plaintiff did not intend for the amended complaint to supersede his original complaint and relinquish his claims against Casa Grande, the City of Tucson, and Florence Federal Penitentiary, the Court would dismiss those claims for Plaintiff's failure to comply with Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"), and the pleading standards required by Bell Atlantic v. Twombly, 550 U.S. 544, 563 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009), because of Plaintiff's unintelligible claims against those defendants, and the lack of intelligible facts to support his First or Thirteenth Amendment violation claims. See Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) (providing that a "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action"); see also Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 158 (3d Cir. 2002) (quoting Spence v. Washington, 418 U.S. 405, 409-10 (1974)) ("Conduct is protected by the First Amendment when 'the nature of [the] activity, combined with the factual context and environment in which it was undertaken,' shows that the 'activity was sufficiently imbued with elements of communication to fall within the [First Amendment's] scope.'"); Caldwell v. CVS Corp., 443 F. Supp. 2d 654, 658 (D.N.J. 2006) (quoting United States v. Kozminski, 487 U.S. 931 (1988)) ("The primary purpose of the [Thirteenth] Amendment was to abolish the institution of slavery as it had existed in the United States at the time of the Civil War, but the Amendment was not limited to that purpose; the phrase 'involuntary servitude' was intended to extend to 'cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results.'").

4

motion to dismiss; and

WHEREAS, with regard to the content of Plaintiff's amended complaint, the Court finds that in addition to it being almost as unintelligible as his original complaint, Plaintiff's amended complaint is deficient because:

1. Plaintiff has failed to state this Court's subject matter jurisdiction over his action, whether it is based on a federal question, or whether it is based on diversity of citizenship and an amount in controversy in excess of $75,000, see 28 U.S.C. §§ 1331, 1332;

2. Plaintiff has failed to state a specific legal basis for his claims - he requests the return of his $400 filing fee and damages in the amount of $420,000 because, as best the Court can tell, he was not provided with a paralegal to assist him, he was not provided a hearing date, and he was not permitted to speak to the Clerk of the Court - but he fails to specify whether his claims sound, for example, in contract or tort, and he also fails to specify what laws Defendants allegedly violated, which is necessary to establish subject matter jurisdiction, see Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction."); see also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (providing that federal courts have an independent

5

obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation); and

    3.   On that same basis, Plaintiff's amended complaint fails to comply with Fed. R. Civ. P. 8(a), and the pleading standards required by <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 563 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684 (2009) (directing that a court must (1) separate the factual and legal elements of a claim, (2) accept all of the complaint's well pleaded facts as true, (3) disregard any legal conclusions, and (4) determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief);

    THEREFORE,

    IT IS on this   30th    day of   January  , 2018

    ORDERED that Plaintiff's claims against the City of Casa Grande, the City of Tucson, and Florence Federal Penitentiary are DISMISSED; and it is further

    ORDERED that the MOTION to Dismiss for Lack of Jurisdiction by CITY OF CASA GRANDE [8] be, and the same hereby is, DENIED AS MOOT; and it is further

    ORDERED that the action against the remaining defendants is DISMISSED WITHOUT PREJUDICE in its entirety; within 20 days from the date this Order is entered, Plaintiff may move to reopen his case, attaching to any such motion a proposed second amended

6

complaint[5] which addresses the deficiencies of the original and amended complaint as described herein; and it is further

ORDERED that the Clerk of the Court shall mark this case CLOSED.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[5] As noted above, when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases); see also 6 Charles Alan Wright Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.